76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terry L. FISCHER, Defendant-Appellant.
 No. 94-7114.
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.[2]
 
 
 2
 In a 14-count indictment filed in the United States District Court for the Eastern District of Oklahoma, Terry Fischer and Denzil Robbins were charged with various bank fraud crimes arising out of the financial problems of Victor Federal Savings & Loan Association (Victor Federal) with offices in Muskogee, Oklahoma. In five counts Fischer and Robbins were jointly charged with devising a scheme and artifice to defraud Victor Federal in violation of 18 U.S.C. 1344 and 2. In four counts Fischer and Robbins were jointly charged with misapplying monies belonging to Victor Federal in violation of 18 U.S.C. 657 and 2. In one count Fischer and Robbins were jointly charged with making false entries in the books and records of Victor Federal in violation of 18 U.S.C. 1006 and 2. In one count Fischer and Robbins were jointly charged with conspiracy in violation of 18 U.S.C. 371 and 2. In one count Fischer, but not Robbins, was charged with devising a scheme and artifice to defraud Victor Federal in violation of 18 U.S.C. 1344 and 2. In another count Fischer, but not Robbins, was charged with misapplying funds belonging to Victor Federal in violation of 18 U.S.C. 657 and 2.
 
 
 3
 In a joint trial with Robbins, Fischer was convicted on four counts charging a violation of 18 U.S.C. 1344 (scheme and artifice); four counts charging a violation of 18 U.S.C. 657 (misapplication of bank funds); one count charging a violation of 18 U.S.C. 1006 (false entries); and one count charging a violation of 18 U.S.C. 371 (conspiracy). A jury acquitted Fischer on three counts.[3] Fischer was sentenced to imprisonment for one year on each of six counts, such sentences to be served concurrently. Imposition of sentence on four other counts was suspended and he was placed on probation on those counts. Fischer appeals his conviction and sentence and on appeal raises one issue, claiming that the evidence is legally insufficient to support a guilty verdict on any count. We are not persuaded and therefore affirm.
 
 
 4
 The standard of review of an order of a district court denying a post-trial challenge to the sufficiency of the evidence to support a criminal conviction was recently set forth in United States v. Dirden, 38 F.3d 1131, 1142 (10th Cir.1994) as follows:
 
 
 5
 In considering a challenge to the sufficiency of the evidence, we review the entire record in the light most favorable to the government to determine whether the evidence is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. We consider both direct and circumstantial evidence, as well as reasonable inferences drawn from that evidence. Furthermore, we accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses (citations omitted).
 
 
 6
 Before considering Fischer's sufficiency of the evidence argument, brief reference to background facts may help. By early 1986, Victor Federal, a federally insured financial institution in Muskogee, Oklahoma, was in serious financial difficulties which did not in any way involve Fischer, or Robbins, who came on the scene later. Many of those who were involved were charged and convicted of various bank fraud charges. In early 1986, Robbins began to acquire stock in Victor Federal. By early June 1986, Robbins had acquired some 18.6% of Victor Federal's stock for approximately $893,000. He had also acquired options for other stock purchases which could have made him the owner of 51% of Victor Federal's stock. In June 1986, the old officers at Victor Federal were replaced by Robbins' personnel. Specifically, Robbins caused Fischer to be installed as president and CEO of Victor Federal at a salary of $150,000 per year on or about June 2, 1986. Prior to his election as president of Victor Federal, Fischer had been earning $45,000 per year as a regional manager of a financial institution in Dallas, Texas. By August 1986, Fischer was forced to resign as president of Victor Federal by federal regulators. The criminal charges in the instant case are based on transactions occurring between June and August, 1986.
 
 
 7
 As indicated, Fischer's only argument on appeal is that the evidence is legally insufficient to sustain his conviction on any of the ten counts of which he was convicted. Counsel's position is that all of the various transactions involving Fischer occurring from June to August, 1986, which formed the basis for the criminal charges brought against him, "were legitimate business undertakings [and] were not illegal or criminal in any manner and had a proper banking basis."
 
 
 8
 Fischer testified in his own behalf, and the gist of his testimony was that he did not knowingly or willfully commit any of the crimes charged. Obviously the jury did not believe Fischer, which was their prerogative, of course. In any event, in our view, the government's evidence permits and supports a contrary conclusion, i.e. that Fischer had a willful and knowing intent to commit bank fraud. Many of the transactions negotiated on behalf of Victor Federal by Fischer resulted, either directly or indirectly, in substantial benefit to Robbins. The fact that Fischer may not have himself benefited from these deals is immaterial. Hernandez v. United States, 608 F.2d 1361 (10th Cir.1979). And of course, for a short time, Fischer was, as indicated, employed by Victor Federal at a salary of $150,000 per year. The government called a host of witnesses who testified at length concerning each of the numerous transactions forming the basis for the criminal charges brought against Fischer. In sum, the state of the record made at trial supports the jury's verdict.
 
 
 9
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation
 
 
 [3]
 Robbins was convicted on all counts wherein he was charged, and by separate appeal Robbins has challenged his convictions and sentences